In the

# United States Court of Appeals

### For the Seventh Circuit

No. 09-3799

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

TIMOTHY REDD,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 1:03-CR-53-TS—**Theresa L. Springmann**, *Judge*.

SUBMITTED NOVEMBER 30, 2010—DECIDED JANUARY 4, 2011

Before EASTERBROOK, *Chief Judge*, and POSNER and WOOD, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Timothy Redd was convicted in 2005 of distributing crack cocaine and was sentenced to 405 months' imprisonment. In 2007 the Sentencing Commission reduced the Guideline ranges for crack offenses (Amendment 706, effective November 1, 2007). The next year it made that change retroactive (Amendment 712, effective March 3, 2008). This allowed prisoners

whose ranges had been affected by the change to seek lower sentences under 18 U.S.C. §3582(c)(2). See *Dillon v. United States*, 130 S. Ct. 2683 (2010). Redd swiftly took advantage of this opportunity, and the district judge reduced his sentence to 327 months. Redd did not appeal.

Ten months later, he filed in the district court a document styled "Motion for Reconsideration or Alternatively Renewed Motion for Modification of Sentence." Redd contended that the judge had not given him as great a reduction as the law warranted. The judge denied this motion, and Redd has appealed.

As a motion for reconsideration, the document that Redd filed in the district court was ineffectual. Only a motion filed within the time for appeal acts as a genuine request for reconsideration. *United States v. Healy*, 376 U.S. 75, 77–78 (1964). See also *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010). Redd had 10 days to appeal; he took 30 times that long to file his motion. (An amendment to Fed. R. App. P. 4(b) effective December 1, 2009, increases the time to 14 days; it does not affect Redd's situation.) The document therefore was what the second half of its caption called it: a new motion for a lower sentence under §3582(c)(2).

Until the Sentencing Reform Act of 1984, district judges could reduce any sentence within 120 days of the final appellate decision. See *United States v. Addonizio*, 442 U.S. 178, 187–88 (1979) (describing the former approach). The 1984 Act converted the federal system to one of determinate sentences. District judges lost any continuing authority over sentences, see 18 U.S.C. §3582(c) ("The

court may not modify a term of imprisonment once it has been imposed"); *United States v. Smith*, 438 F.3d 796 (7th Cir. 2006), subject to two general exceptions stated in Fed. R. Crim. P. 35, which was amended as part of the legislation. One exception is the power to fix an arithmetical, technical, or other clear error within 14 days. See Rule 35(a) and §3582(c)(1)(B). The second is the power to reduce a sentence on the prosecutor's motion, if the defendant provides substantial assistance after the sentence is imposed. See Rule 35(b) and §3582(c)(1)(A). The only other exception is §3582(c)(2), which depends on a decision by the Sentencing Commission to make retroactive a reduction in a Guideline range—and the district judge's authority is limited to implementing the Commission's changes. A decision under an amended Guideline is not a full resentencing. *Dillon* explains how this works.

Redd treats §3582(c)(2) as if it countermanded the basic determinate-sentence system and bestowed on district judges a continuing power to adjust sentences—a power that would last indefinitely, unlike the older system limiting that power to 120 days after the final appellate decision. Neither the text of §3582(c)(2) nor the language of Amendment 712 suggests that prisoners are entitled to more than one opportunity to request a lower sentence, for any given change in the Guideline range. Once the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive.

Only one other circuit has addressed this subject in a published opinion. It held that the doctrine of law of the case usually forecloses successive requests for lower sentences. See *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560–61 (11th Cir. 1997), relying on *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815–18 (1988). The eleventh circuit did not discuss either Rule 35 or the norm from §3582(c) that "[t]he court may not modify a term of imprisonment once it has been imposed". We think it best to stick with the statute rather than apply a common-law doctrine such as law of the case.

Redd let the time for reconsideration or appeal of the district judge's resentencing expire without action. He could not use a new §3582(c)(2) motion to obtain a fresh decision—or to take what amounts to a belated appeal of the original decision. The judgment of the district court denying the successive §3582(c)(2) motion therefore is

AFFIRMED.