**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6376**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

ROBERT CY MANN, a/k/a B,

Defendant - Appellee.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 10-5860)

Decided on Remand:  June 16, 2011

Before MOTZ, KING, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Neil H. MacBride, United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellant.  Jenifer Wicks, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case returns to us on remand after the Supreme Court granted Robert Mann's petition for certiorari, vacated our judgment in United States v. Mann, 373 Fed. Appx. 350 (4th Cir. 2010), and remanded for our consideration in light of Henderson v. Shinseki, 562 U.S. __ (2011).

We previously held that 18 U.S.C. § 3582(c) deprives the district court of jurisdiction to grant a motion to reconsider the denial of a motion for a sentence reduction six months after denying the original motion. Following the Supreme Court's remand order, we asked the parties to file supplemental briefs addressing whether the Court's holding in Henderson affects our ruling in the case at hand. After reviewing those briefs and the Supreme Court's opinion, we conclude that it does not. Accordingly, we reinstate our initial order vacating and remanding the judgment of the district court.

We detailed the facts of this case in our original opinion and so only briefly summarize them here. On May 27, 2008, Mann invoked § 3582(c) and the retroactive crack cocaine amendment to the Guidelines and moved for a reduction of his sentence. On July 14, 2008, the district court denied the motion, finding Mann "ineligible for an adjustment of sentence, as [his] drug weight exceeds 4.5 kilograms of cocaine base." See U.S.S.G. App. C, Amends. 706, 711, 715, § 2D1.1(c)(1)

2

(amendments not applicable to offenses involving 4.5 kilograms or more of crack). On July 22, 2008, Mann moved for reconsideration of the July 14 order. After appointing counsel for Mann, on January 26, 2009, the district court granted the motion for reconsideration, explaining that "after further review," it concluded that the record did not explicitly establish that Mann was responsible for 4.5 kilograms of crack cocaine. The Government appealed that order.

In Goodwyn v. United States, we held that § 3582(c) divests a district court of jurisdiction to modify a sentence except in those cases specifically authorized by statute. 596 F.3d 233, 236 (4th Cir. 2010). One specifically authorized exception occurs when the Sentencing Commission retroactively lowers the Guidelines range for an offense. § 3582(c)(2). When that happens, we held that § 3582(c) gives a district court one -- and only one -- opportunity to apply the retroactive amendments and modify the sentence. Id.; see also United States v. Redd, 630 F.3d 649, 651 (7th Cir. 2011). For this reason, § 3582(c) forbids a district court from ruling on a motion to reconsider a § 3582(c)(2) sentence reduction order. If Goodwyn remains good law, then Mann cannot prevail here.

We do not believe that Henderson disturbs our holding in Goodwyn. In Henderson, the Supreme Court held that a veteran's failure to comply with a 120-day filing deadline did

3

not affect the jurisdiction of the Veterans Court. 131 S. Ct. at 1200. The Court concluded that the provision establishing that filing deadline was not a jurisdictional bar because it: (1) did not speak in jurisdictional terms, (2) had not historically been treated as jurisdictional by the Supreme Court, and (3) was part of a nonadversarial system of administrative review by Article I courts. Id. at 1203-06. None of those factors is present here.

Most significantly, the provision at issue here provides that "[t]he court may not modify a term of imprisonment once it has been imposed," subject to specific exceptions. § 3582(c)(emphasis added). Thus, the text here speaks in terms of "the classes of cases" in which an Article III court has "adjudicatory authority." Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243 (2010). In sharp contrast, the 120-day filing deadline in Henderson required a "person adversely affected" to file a notice of appeal. 131 S. Ct. at 1204. By addressing the adjudicatory authority of the court itself rather than an obligation of a party, § 3582(c), unlike the provision at issue in Henderson, explicitly imposes limitations on the district court's substantive authority to modify a sentence. See United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006).

The context against which Congress enacted § 3582(c) also requires us to consider it jurisdictional. At common law,

4

a court could not modify a final judgment in a criminal case after the expiration of the court term at which it was entered. United States v. Mayer, 235 U.S. 55, 67 (1914). After the Federal Rules of Criminal Procedure prescribed a specific window of time during which a court could modify a criminal sentence, the Supreme Court continued to treat these time limits as jurisdictional. See United States v. Smith, 331 U.S. 469, 473 n.2 (1947); United States v. Addonizio, 442 U.S. 178, 189, 189 n.17 (1979).

Finally, this context also makes clear that Congress has not shown the same special solicitude for criminal defendants as it has for veterans. Unlike the process for review of decisions on veterans' benefits, sentencing hearings are generally adversarial. See Fed. R. Crim. Proc. 32 (procedures for sentencing); Irizarry v. United States, 553 U.S. 708, 720 (2008)(explaining that Rule 32 provides for "focused, adversarial development" of record at sentencing). Moreover, unlike the Article I court at issue in Henderson, Article III courts preside over sentencing hearings. See Henderson, 131 S. Ct. at 1204 (distinguishing prior precedents treating a statutory limit as jurisdictional as "cases involv[ing] review by Article III courts").

Accordingly, the rule we announced in Goodwyn still stands. When the Sentencing Commission retroactively lowers the

5

Guidelines range, the scheme that § 3582(c) establishes provides a district court with one -- and only one -- opportunity to apply the amendment to the Guidelines and modify the sentence. § 3582(c)(2). The district court lacked jurisdiction to grant Mann's motion to reconsider after its original denial of his motion for a sentence reduction. Accordingly, the judgment of the district court is

<u>VACATED AND REMANDED</u>.