**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antoine HILL, Defendant–Appellant.**

**No. 11–2505.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 22, 2012.*

Decided Feb. 23, 2012.

John F. Kness, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Antoine Hill, Pekin, IL, pro se.

Before FRANK H. EASTERBROOK, Chief Judge, WILLIAM J. BAUER, Circuit Judge, DIANE S. SYKES, Circuit Judge.

**ORDER**

This is Antoine Hill's third effort to obtain relief from his sentence of imprisonment for conspiring to distribute 1.5 kilo-

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2)(C).

grams of crack cocaine. Pursuant to our order of August 8, 2011, the current appeal is confined to a review of the district court's denial of Hill's motion for reconsideration and to recall the mandate, which he filed approximately six weeks after the district court's denial of his motion for adjustment of sentence. Because Hill's motion for reconsideration was not filed within the time for appeal, it was ineffectual, and so we affirm.

Hill was originally sentenced in 2004 to 360 months' imprisonment, the bottom of his guideline range of 360 months to life. In his first appeal we affirmed his conviction but remanded for re-sentencing in accordance with *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir.2005). On remand the district judge applied the factors in 18 U.S.C. § 3553 and imposed a below-guideline sentence of 226 months.

In 2007, the Sentencing Commission amended the guidelines to reduce sentences for crack offenses and then in 2008 made the amendment retroactive. *See* U.S.S.G. Supp.App. C, Amdts. 706 and 713 (2008). Based on these amendments, Hill moved last year under 18 U.S.C. § 3582(c)(2) for adjustment of sentence. The government responded, but on March 17, 2011, before Hill's deadline for filing his reply brief, the district court dismissed his case for lack of jurisdiction because he was ineligible for a sentence reduction. Hill did not appeal this decision within the 14 days allotted, *see* FED. R.APP. P. 4(b)(1)(A)(i), but on April 27, 2011 (according to his account of when he deposited his filing in the prison mail), he moved in the district court for reconsideration of the dismissal. The district court denied this motion as well.

Although the district court denied Hill's motion for reconsideration without expla-

nation, we may affirm on any ground supported by the record. *See Williams v. Fleming*, 597 F.3d 820, 823 (7th Cir.2010). Because Hill did not file his motion within the time for appeal, it was not a genuine request for reconsideration, and so the district court properly denied it. *See United States v. Redd*, 630 F.3d 649, 650 (7th Cir.2011).

AFFIRMED.