NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012[*]
Decided February 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2505

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 02 CR 226 |
| ANTOINE HILL, | |
| *Defendant-Appellant.* | Elaine E. Bucklo, |
| | *Judge.* |

**O R D E R**

This is Antoine Hill's third effort to obtain relief from his sentence of imprisonment for conspiring to distribute 1.5 kilograms of crack cocaine. Pursuant to our order of August 8, 2011, the current appeal is confined to a review of the district court's denial of Hill's motion for reconsideration and to recall the mandate, which he filed approximately six weeks after the district court's denial of his motion for adjustment of sentence. Because

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Hill's motion for reconsideration was not filed within the time for appeal, it was ineffectual, and so we affirm.

Hill was originally sentenced in 2004 to 360 months' imprisonment, the bottom of his guideline range of 360 months to life. In his first appeal we affirmed his conviction but remanded for re-sentencing in accordance with *United States v. Paladino*, 401 F.d 471, 481 (7th Cir. 2005). On remand the district judge applied the factors in 18 U.S.C. § 3553 and imposed a below-guideline sentence of 226 months.

In 2007, the Sentencing Commission amended the guidelines to reduce sentences for crack offenses and then in 2008 made the amendment retroactive. *See* U.S.S.G. Supp. App. C, Amdts. 706 and 713 (2008). Based on these amendments, Hill moved last year under 18 U.S.C. § 3582(c)(2) for adjustment of sentence. The government responded, but on March 17, 2011, before Hill's deadline for filing his reply brief, the district court dismissed his case for lack of jurisdiction because he was ineligible for a sentence reduction. Hill did not appeal this decision within the 14 days allotted, *see* FED. R. APP. P. 4(b)(1)(A)(i), but on April 27, 2011 (according to his account of when he deposited his filing in the prison mail), he moved in the district court for reconsideration of the dismissal. The district court denied this motion as well.

Although the district court denied Hill's motion for reconsideration without explanation, we may affirm on any ground supported by the record. *See Williams v. Fleming*, 597 F.3d 820, 823 (7th Cir 2010). Because Hill did not file his motion within the time for appeal, it was not a genuine request for reconsideration, and so the district court properly denied it. *See United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011).

AFFIRMED.