NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2012[*]
Decided July 23, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 12-1397 & 12-1574

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 07-CR-30017-MJR |
| GREGORY C. BLACK, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

**O R D E R**

This appeal mirrors *United States v. Redd*, 630 F.3d 649 (7th Cir. 2011). Under 18 U.S.C. § 3582(c)(2) Gregory Black's sentence was reduced from 121 to 101 months because two retroactive amendments issued by the Sentencing Commission (Amendments 706 and 711) lowered his guidelines range. He did not appeal. Eight months later he asked the district court to modify that order and reduce his sentence further—this time on the basis

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

of Amendment 750—but the court declined because that amendment did not lower his guidelines range. This was the correct resolution. In *Redd* we explained that when a defendant waits beyond the 14-day window to appeal before seeking reconsideration of a § 3582(c)(2) ruling, the defendant's request must be treated as a new motion. 630 F.3d at 650–51. But § 3582(c)(2) permits a sentence reduction only if the defendant's sentencing range "has subsequently been lowered by the Sentencing Commission," and here—as Black concedes—Amendment 750 did not lower his applicable guidelines range. Because the amendment does not qualify him for another reduction, the district court properly denied his request. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

AFFIRMED.