NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2012[*]
Decided September 26, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1468

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 04 CR 435-1 |
| FRANK K. TAYLOR, | |
| *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

Frank Taylor was arrested after trying to elude police officers who were investigating the source of a gunshot. As Taylor ran away his pants caught on a fence and were torn from his body; the pursuing officers recovered not only the pants but also seven grams of crack cocaine in a pocket. Taylor pleaded guilty to possessing more than five

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

grams of crack, a crime punishable at that time by 5 to 20 years in prison. *See* 21 U.S.C. § 844(a) (2006). The parties had entered a binding plea agreement, *see* FED. R. CRIM. P. 11(c)(1)(C), which provided for a prison term of 137 months. They settled on that term after an impasse about the application of a 2-level upward adjustment for possession of a dangerous weapon during the drug offense. *See* U.S.S.G. § 2D1.1(b)(1) (2006). The district court accepted the plea agreement and sentenced Taylor to 137 months. Taylor did not file a direct appeal, but after the Sentencing Commission amended U.S.S.G. § 2D1.1 to lower the base offense level for most crack offenses, *see* U.S.S.G. amend. 706, Taylor twice moved for a sentence reduction, *see* 18 U.S.C. § 3582(c)(2) (2006). Both times the district court denied Taylor's motion, reasoning that the parties determined his sentence based on their agreement as to the appropriate sentence, rather than on the former version of § 2D1.1. Taylor appeals from the court's second ruling.

We review de novo the district court's conclusion that Taylor was not eligible for relief under § 3582(c)(2). *See United States v. Dixon*, 687 F.3d 356, 358 (7th Cir. 2012). A defendant who agreed to a specific term of imprisonment in a plea agreement under Rule 11(c)(1)(C) may receive a reduced sentence under § 3582(c)(2) only if the parties' agreement calls for a prison term within a defined guidelines range or makes clear that the choice of sentence follows from their shared assessment that a particular range applies. *See Freeman v. United States*, 131 S. Ct. 2685, 2697 (2011) (Sotomayor, J., concurring in the judgment); *Dixon*, 687 F.3d at 359–60; *United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012); *United States v. Rivera-Martinez*, 665 F.3d 344, 349 & n.4 (1st Cir. 2011). It is not enough that the guidelines informed the parties' decision to enter into the plea agreement. *Dixon*, 687 F.3d at 361.

Aside from the question of eligibility, however, is the question of the power of a sentencing court to grant a motion for a sentence reduction. Once a district court resolves a § 3582(c)(2) motion, the defendant may not file a second one premised on the same amendment to the guidelines; a defendant who is dissatisfied with the ruling should file an appeal, not a duplicate motion under § 3582(c)(2). *See United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011); *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010); *cf. United States v. Escobar-Urrego*, 110 F.3d 1556, 1560–61 (11th Cir. 1997) (applying law-of-the-case doctrine to reach same conclusion).

In this appeal Taylor argues that whether or not the sentencing court applied the disputed 2-level upward adjustment to his sentence, a term of 137 months falls within the applicable guidelines range. Although the parties did not explicitly identify either range in the plea agreement, Taylor continues, the guidelines necessarily formed the framework for his sentence.

The district court did not accept this view. Taylor's first § 3582(c)(2) motion was based on Amendment 706, and the court denied relief on the understanding that the parties' agreement to 137 months did not rest on a specific guidelines range, expressly or implicitly. *See Dixon*, 687 F.3d at 359. Taylor could have appealed that adverse ruling but did not, and he was not free to ignore the court's decision by filing another motion citing the same amendment. *See Redd*, 630 F.3d at 751. That is reason enough to uphold the denial of Taylor's second motion.

Even if we overlook *Redd*, the result would be the same. The parties never agreed on a guidelines imprisonment range and in fact were unable to do so. Moreover, they stated explicitly that their lack of consensus was beside the point because they had agreed to a term of 137 months. Thus, the district court did not err in concluding that the sentence imposed was based on the plea agreement and not on any particular guidelines range. Accordingly, Taylor was not eligible for a reduction under § 3582(c)(2).

AFFIRMED.