NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted May 7, 2013[*]
Decided May 15, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| **No.** 13-1174 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| v. | No. 2:04-CR-71 |
| ANTHONY ALEXANDER, *Defendant-Appellant.* | Rudy Lozano, *Judge.* |

## Order

Anthony Alexander asked the district court to reduce his sentence under Amendment 750 to the Sentencing Guidelines, which applies retroactively. The district judge denied the motion, ruling that Alexander's range had not been reduced because he is a career offender. Alexander appealed but failed to pay the docketing fee; the appeal was dismissed. He then filed another motion in the district court, supposedly

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

based on Amendment 706 as well as Amendment 750. The district judge denied this motion for the same reason, and Alexander appealed again.

Congress has authorized only one sentence-reduction motion in response to a given change in the Guidelines. Successive motions cannot be used to obtain a chance to make a different or better argument—or, here, to get a second crack at an appeal. See *United States v. Redd*, 630 F.3d 649 (7th Cir. 2011). Alexander contends that his motion is not successive, because it relies on Amendment 706. But Amendment 750 supersedes Amendment 706 and completely restates the sentencing tables for crack-cocaine offenses. The currently applicable rules are contained in Amendment 750. Alexander had a full opportunity to contend that he is not a career offender. Having bypassed that opportunity earlier, he cannot revive it by another, functionally identical motion.

The district court held that it lacks authority to reduce Alexander's sentence. Given *Redd*, that decision must be affirmed.