NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2013[*]
Decided July 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3032

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 01 CR 802-1 |
| MARIO MORALES, *Defendant-Appellant.* | Matthew F. Kennelly, *Judge*. |

**O R D E R**

Mario Morales appeals the denial of his motion to reconsider an order denying his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2004 Morales pleaded guilty to conspiracy to commit racketeering, 18 U.S.C. § 1962(d), and possessing a firearm in connection with a drug trafficking crime, *id.* § 924(c)(1). The district court sentenced him to 294 months' imprisonment, and we dismissed his appeal as untimely. *See United States v. Morales*, No. 04-3126 (7th Cir. Aug. 2, 2005). In 2010 Morales moved under § 3582(c)(2) to reduce his sentence based on Amendment 599 to the Sentencing Guidelines, which prohibits a weapons enhancement to a defendant's guidelines range for an underlying offense when the defendant has also been convicted under § 924(c)(1). The district court denied the motion, determining that Morales did not qualify for a reduction because Amendment 599, which became effective in 2000, was already in effect at Morales' 2004 sentencing. The court also concluded that Amendment 599 had regardless not been violated at Morales' sentencing because his guidelines range had not been calculated through impermissible "double counting." Morales appealed, but we again dismissed his appeal as untimely. *United States v. Morales*, No. 12-1315 (7th Cir. Apr. 9, 2012).

Nearly 14 months after the denial of his § 3582(c)(2) motion, Morales filed a motion to reconsider in which he continued to assert that his sentence should be reduced based on Amendment 599. The district court denied Morales' motion, noting that his appeal from the denial of the underlying motion had been dismissed as untimely.

Morales appeals from the denial of his motion to reconsider, again invoking Amendment 599 as a basis to reduce his sentence. But Morales filed his submission too late to be effectual as a motion to reconsider, because only a motion filed within the time for appeal—14 days—can constitute a request for reconsideration. *See United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011); *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010). Morales' submission could be treated as a new motion under § 3582(c)(2), but once a § 3582(c)(2) motion has been resolved the defendant may not file successive motions premised on the same amendment that supported the previous motion. *See Redd*, 630 F.3d at 650–51. In any event, Morales is not eligible for relief under § 3582(c)(2) because his sentencing range has not been retroactively lowered since he was sentenced. *See United States v. Irons*, 712 F.3d 1185, 1189 (7th Cir. 2013); *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

We have considered Morales' other arguments, and they do not merit discussion.

AFFIRMED.