NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 7, 2015[*]
Decided April 21, 2015

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 14-3079 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 07 CR 211 |
| KIRK ACREY, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**Order**

After the Sentencing Commission reduced the range for crack-cocaine offenses in 2011, and made that change retroactive (see Amendment 750), Kirk Acrey asked the district court to reduce his sentence under 18 U.S.C. §3582(c)(2). His original sentence of 150 months already was well below his range of 262 to 327 months, and the district judge denied his motion. The judge stated that Acrey's original sentence depended on

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

the career-offender Guideline and that Amendment 750 did not affect the prescribed range. Acrey did not appeal.

About nine months later, Acrey filed a second motion, again relying on Amendment 750. He contended that his original sentence did not depend on the career-offender Guideline and that, contrary to the district judge's expressed belief, he could benefit from Amendment 750. He also contended that the judge should have considered his conduct in prison, which includes (he maintains) completing many courses and obtaining a GED. The district judge denied this motion as successive—and rightly so.

We held in *United States v. Redd*, 630 F.3d 649 (7th Cir. 2011), that §3582(c)(2) authorizes only one sentence-reduction motion per retroactive change to the Guidelines. The way to obtain review of a district court's order denying a motion is to appeal, not to file a new motion in the district court. *Redd* compelled the district court to deny Acrey's successive motion.

AFFIRMED