In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 15-1943 & 15-1946

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KRIS KOGLIN,

*Defendant-Appellant.*

_____

Appeals from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
Nos. 1:12CR00141-009 & 1:12CR00204-001 — **Larry J. McKinney**, *Judge.*

_____

ARGUED OCTOBER 2, 2015 — DECIDED DATE MAY 17, 2016

_____

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

SYKES, *Circuit Judge.* Kris Koglin appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive 2014 amendment to the drug-quantity sentencing guideline. Because the amendment does not have the effect of lowering Koglin's guideline sentencing range, he is not eligible for a sentence reduction.

**I. Background**

In September 2012, a federal grand jury indicted Koglin and ten others on several charges stemming from their involvement in a large marijuana-distribution ring in Indianapolis. Koglin was charged with conspiracy to possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). In a separate but related case, the government later charged Koglin by information with engaging in a monetary transaction worth more than $10,000 involving property he knew to be derived from criminal activity in violation of 18 U.S.C. § 1957.

Koglin pleaded guilty to the conspiracy and the drug-money counts and agreed to assist the government in its prosecution of his coconspirators. To calculate the recommended sentencing range under the Sentencing Guidelines, Koglin's presentence report ("PSR") began with a base offense level of 32, which applied to crimes involving 1,000 to 3,000 kilograms of marijuana. *See* U.S.S.G. § 2D1.1(c)(4) (Nov. 1, 2013). Koglin qualified for a "mitigating role" adjustment under § 3B1.2(b), so his base offense level dropped from 32 to 30. *Id.* § 2D1.1(a)(5) (providing that if the defendant qualifies for a § 3B1.2 "mitigating role" adjustment *and* his base offense level is 32, the base offense level is reduced to 30). The PSR then recommended the following Chapter 2 and 3 adjustments: a two-level enhancement for possessing multiple firearms in connection with a drug-trafficking offense, *id.* § 2D1.1(b)(1); a two-level "mitigating role" reduction under § 3B1.2(b) (on top of the two-level reduction in the base offense level under the drug-quantity

guideline, § 2D1.1(a)(5)); and a three-level reduction for accepting responsibility, *id.* § 3E1.1. This yielded an adjusted offense level of 27, which when combined with Koglin's criminal history category of 1, produced a guideline sentencing range of 70 to 87 months in prison.

Koglin's conspiracy conviction, however, carried a ten-year minimum sentence, *see* 21 U.S.C. § 841(b)(1)(A), so his guideline "range" became 120 months, *see* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

At sentencing the government moved for a sentence below the statutory minimum to reflect Koglin's substantial assistance, as permitted by 18 U.S.C. § 3553(e). The district judge adopted the PSR's recommendations, granted the government's § 3553(e) motion, and sentenced Koglin to concurrent terms of 57 months.

In November 2014 the United States Sentencing Commission adopted Amendment 782 to the Sentencing Guidelines, lowering the recommended penalties for most drug crimes by reducing the base offense levels in the § 2D1.1 Drug Quantity Table by two levels. As relevant here, Amendment 782 reduced the base offense level for offenses involving 1,000 to 3,000 kilograms of marijuana from 32 to 30. U.S.S.G. app. C, amend. 782. The Commission later made this amendment retroactive. *See id.* § 1B1.10(d).

Relying on Amendment 782, Koglin moved for a sentence reduction under § 3582(c)(2). The government agreed that Koglin was eligible for a sentence reduction but asked

the judge to exercise his discretion to deny Koglin an "unjustified windfall" of a further sentence reduction. The judge denied Koglin's motion, but for a different reason: The judge concluded that Koglin was ineligible for a sentence reduction because Amendment 782 "does not have the effect of lowering [his] guideline range."

## II. Discussion

Section § 3582(c)(2) provides that the district court may reduce the prison term of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The statute permits the court to reduce the defendant's prison term "after considering the factors set forth in section 3553(a) to the extent that they are applicable," but only "*if* such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2) (emphasis added.)

The Supreme Court has held that § 3582(c)(2) establishes a two-step inquiry: First, the court determines whether a sentence reduction is consistent with the applicable policy statements promulgated by the Sentencing Commission; if it is, then the court considers whether a reduction is warranted after weighing any applicable § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). This appeal begins and ends with step one.

The relevant policy statement is found at § 1B1.10 of the Sentencing Guidelines. That section provides that a sentence reduction is not authorized if the relevant amendment, though retroactive, "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B).

Section 1B1.10(b)(1) directs the court to "determine the amended guideline range that would have been applicable … if the amendment(s) to the guidelines … had been in effect at the time the defendant was sentenced." The policy statement also makes clear that the inquiry is a limited recalculation of the guideline range, *not* a full-blown resentencing: The policy statement instructs the court to replace the old provision with the new provision and "leave all other guideline application decisions unaffected." § 1B1.10(b)(1).

Koglin seizes on that last phrase—"leave all other guideline application decisions unaffected"—and argues that we should look only to the change effected by Amendment 782—that is, the two-level drop in the base offense level in the Drug Quantity Table—and ignore any potential interaction between the amendment and other parts of the guidelines.

This argument misunderstands § 1B1.10(b)(1). The phrase "leave all other guideline application decisions unaffected" simply instructs the court to apply only the amendments listed in § 1B1.10(d) and avoid relitigating the factual findings made in the original sentencing decision. The policy statement does *not* instruct the court to ignore the effect of the amended guideline on other guideline provisions that, in combination, produced the defendant's sentencing range. As we've explained before, "[t]he 'sentencing range' that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence." *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015). And "[r]elief

is not available if a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *Id*. (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

So what matters under § 3582(c)(2) and § 1B1.10 is whether the "bottom-line, final range" would have been lower if the amendment had been in effect when the defendant was sentenced. *Id*. If the range would not have been lower, then the defendant is ineligible for a sentence reduction and the inquiry ends.

To return to this case, the key question is whether Koglin's guideline range would have been lower had Amendment 782 been in place when he was originally sentenced. The answer is "no."

Before we explain why, we pause to note that the government's response to Koglin's motion in the district court focused on whether the ten-year statutory minimum sentence on the conspiracy count made Koglin ineligible for a sentence reduction under § 3582(c)(2). The government correctly stated that it does not. One could be forgiven for thinking otherwise: Regardless of the reduction in the base offense level brought about by Amendment 782, the mandatory minimum keeps Koglin's guideline sentence at 120 months.

But § 1B1.10(c) instructs courts to ignore mandatory minimums when determining whether a defendant is eligible for a sentence reduction in situations where, as here, the sentencing court "had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities." Application Note 4 explains how

this provision might operate in a case like Koglin's: The court can calculate the substantial-assistance credit originally awarded as a percentage reduction from the mandatory minimum, then apply that same percentage reduction to the amended guideline range, which is first calculated without regard to the mandatory minimum. U.S.S.G. § 1B1.10 cmt. n.4(B).

Although the government got this part of the analysis right, the rest of its response in the district court was a "swing and a miss," as the prosecutor put it at oral argument. After conceding that Koglin was eligible for a sentence reduction notwithstanding the mandatory minimum, the government urged the judge to decline to award the "windfall" of a further sentence reduction. By proceeding directly to a discussion of the court's discretion, the government omitted an important step in the analysis. If Amendment 782 does not actually have the effect of lowering Koglin's guideline range, he is ineligible for a sentence reduction and the inquiry proceeds no further.

Although the government overlooked this point in the district court, it was not lost on the judge, who reached the correct result. And despite this misstep, the government now defends the judge's decision for the right reason.

As we've explained, when Koglin was originally sentenced, the base offense level for his counts of conviction—offenses involving 1,000 to 3,000 kilograms of marijuana—was 32. Under § 2D1.1(a)(5), however, a defendant (like Koglin) who qualifies for a "mitigating role" adjustment under § 3B1.2 *and* whose base offense level is 32 gets the benefit of a two-level reduction in the base offense level, to level 30. Koglin received this reduction at sentencing. But

when Amendment 782 is applied, the base offense level for this drug type and quantity drops from 32 to 30, knocking out the two-level reduction under § 2D1.1(a)(5), which applies only to defendants whose base offense level is 32. In other words, the two-level reduction in Amendment 782 cancels out the two-level reduction in § 2D1.1(a)(5), and the net effect of the amendment on Koglin's guideline range is zero.

Accordingly, the judge correctly concluded that because Amendment 782 does not have the effect of lowering Koglin's guideline range, he is ineligible for a sentence reduction.

AFFIRMED.