NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604
Submitted November 1, 2016*
Decided November 8, 2016

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 16-2399 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 08 CR 720-2 |
| JAMES MCKENZIE, *Defendant-Appellant.* | Virginia M. Kendall, *Judge.* |

**Order**

James McKenzie filed a motion to reduce his sentence under 18 U.S.C. §3582(c)(2). The motion invoked Amendment 782 to the Sentencing Guidelines.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

The district court granted this motion and on May 21, 2015, cut McKenzie's sentence from 200 to 195 months.

McKenzie believed he is entitled to a greater reduction but did not appeal. Instead he waited almost eight months and filed on February 8, 2016, what he styled a "Request under Rule 59(e) for Reconsideration". This appears to refer to Fed. R. Civ. P. 59(e), which does not apply in criminal cases—and even if this were a civil case the motion would have been seven months beyond the deadline. The district court denied this motion on February 18. Again McKenzie did not appeal. But on February 25 he filed another motion for reconsideration, this time nominally under Fed. R. Civ. P. 60(b), which no more applies in criminal cases than does Civil Rule 59(e). The district court denied this motion on May 20, and eleven days later McKenzie filed a notice of appeal.

The Criminal Rules, unlike the Civil Rules, do not authorize motions for reconsideration. But the Supreme Court has held that motions to reconsider nonetheless are proper, if filed within the time allowed for a notice of appeal. Our opinion in *United States v. Rollins*, 607 F.3d 500 (7th Cir. 2010), discusses this line of precedent. Neither of McKenzie's motions was filed within the 14 days he had to appeal from the decision of May 21, 2015, so both documents were ineffectual as motions to reconsider.

This means that they were effectively (though not in name) new motions for sentence reduction under §3582(c)(2). But as new motions they were unauthorized. We held in *United States v. Redd*, 630 F.3d 649 (7th Cir. 2011), that a prisoner may file only one motion per retroactive change in the Guidelines. Successive motions, we concluded, act as improper efforts to extend the time to appeal from the district judge's initial decision—which is exactly what McKenzie is trying to do.

McKenzie's appeal is timely with respect to the district court's decision of May 20, 2016, but all that decision does is deny a motion that *Redd* required the judge to deny. The district court's decision of May 20 therefore is affirmed.