**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6483**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FURMAN BENJAMIN QUATTLEBAUM,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:02-cr-00548-CMC-17)

Submitted: August 8, 2017                          Decided: August 24, 2017

Before THACKER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed as modified by unpublished per curiam opinion.

Furman Benjamin Quattlebaum, Appellant Pro Se. Beth Drake, Acting United States Attorney, William Camden Lewis, OFFICE OF THE UNITED STATES ATTORNEY, John C. Potterfield, Assistant United States Attorney, Jane Barrett Taylor, Assistant United States Attorney, Columbia, South Carolina, Carrie Fisher Sherard, Assistant United States Attorney, Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Furman Benjamin Quattlebaum appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction under Amendment 782. The district court denied Quattlebaum's motion because, after recognizing that Quattlebaum was already denied relief under Amendment 782, the district court sua sponte determined that it lacked jurisdiction to entertain Quattlebaum's motion under *United States v. Goodwyn*, 596 F.3d 233, 235-36 (4th Cir. 2010) (holding that no provision authorizes a district court to reconsider its order on a § 3582 motion), and *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011) (No. 09-6376) ("[Section] 3582(c) forbids a district court from ruling on a motion to reconsider a § 3582(c)(2) sentence reduction order."). In reaching its decision, however, the district court did not have the benefit of our decision in *United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017) (holding that the prohibition against "§ 3582(c)(2)-based motions for reconsideration" is not jurisdictional and, thus, is "waived when the government failed to assert it below"), *pet. for cert. filed*, No. 17-142 (U.S. July 24, 2017), which issued after the district court denied the § 3582 motion underlying this appeal.

The district court nonetheless previously determined that Amendment 782 did not have the effect of lowering Quattlebaum's Sentencing Guidelines range, and we affirmed the district court's order denying relief under that Amendment. *See United States v. Quattlebaum*, No. 3:02-cr-00548-CMC-17 (D.S.C. Sept. 14, 2015), *aff'd*, *United States v. Quattlebaum*, 643 F. App'x 308 (4th Cir. 2016) (No. 15-7663). Because we may affirm the district court's order "on any grounds apparent from the record[,]" *United States v.*

3

*Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (internal quotation marks omitted), we affirm the district court's order as modified to reflect that the relief sought in Quattlebaum's § 3582(c)(2) motion is barred under the law of the case doctrine. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) ("Under the law of the case doctrine, . . . once the decision of an appellate court establishes the law of the case, it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal[.]" (internal quotation marks omitted)). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*