┌─────────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 24, 2020[*]
Decided February 24, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2309

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 89 CR 908-20 |
| J. L. HOUSTON, *Defendant-Appellant*. | Rebecca R. Pallmeyer, *Chief Judge*. |

**O R D E R**

After the district court rejected his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), J.L. Houston filed two motions asking the court to reconsider its decision. The district court denied both, prompting this appeal. Although Houston's motions purportedly sought reconsideration of an earlier ruling, they in fact were successive § 3582(c)(2) motions. Because new motions based on the same amendment are prohibited, the district court was correct to deny them. So we affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 1992, Houston, a former leader in the El Rukn street gang, was convicted of racketeering, 18 U.S.C. § 1962(c), racketeering conspiracy, *id.* § 1962(d), and narcotics conspiracy, 21 U.S.C. § 846. The district court later vacated Houston's convictions and ordered that he be retried. *See* No. 1:89-CR-908-20 (N.D. Ill. Oct. 17, 1995). The government then dismissed the substantive racketeering charge.

At Houston's retrial in 1997, a jury found him guilty of racketeering conspiracy and narcotics conspiracy. Unlike at the earlier trial, the jury was not asked to return a special verdict finding that Houston committed specific racketeering acts. But according to the second superseding indictment (which the jury received), the racketeering-conspiracy count was predicated on the narcotics conspiracy and three murders.

Before the sentencing hearing in 1998, a probation officer prepared a supplement to the 1992 presentence investigation report (PSR). The supplement still included the substantive racketeering count and calculated Houston's offense level based in part on "the four racketeering acts of which he was found guilty by special verdict." Houston objected to the report because the racketeering charge had been dismissed and because the jury did *not* return any special verdict at the retrial. Therefore, he argued, the narcotics conspiracy was the "only appropriate underlying substantive racketeering offense" for calculating his base offense level for the racketeering conspiracy. *See* U.S.S.G. § 2E1.1 (base offense level is 19 or "the offense level applicable to the underlying racketeering activity," whichever is greater). In response, the government argued that it needed to prove the facts relevant to the guidelines calculation only by a preponderance of the evidence,[1] and that the record "demonstrate[d] that Houston agreed that [all four racketeering] acts be committed."

At the sentencing hearing, the district court agreed to disregard one of the murders but otherwise overruled Houston's objection. The court calculated a combined adjusted offense level of 50, which it treated as level 43 (the Sentencing Table maximum), resulting in a then-mandatory guideline sentence of life in prison. *See* U.S.S.G. Ch. 5 Pt. A, cmt. 2 (1987) ("An offense level of more than 43 is to be treated as an offense level of 43."). The district court imposed life in prison on each count, to run concurrently. Houston challenged his conviction (but not his sentence) on appeal, and we affirmed. *United States v. Franklin*, 197 F.3d 266 (7th Cir. 1999).

---

[1] This was true at the time of Houston's sentencing in 1998, *see, e.g., United States v. Bailey*, 97 F.3d 982, 984–85 (7th Cir. 1996), even though the Sentencing Guidelines were then mandatory, *see United States v. Booker*, 543 U.S. 220, 234 (2005).

In 2014, Houston filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. He argued that the Amendment (which reduced by two the offense level for most drug crimes) lowered his offense level from 43 to 41, and that, as a result, his adjusted guidelines range is 360 months to life. The district court appointed counsel to assist Houston with his motion.

In response, the government argued that Houston was not entitled to a sentence reduction because the base offense level for his drug offense is the same under the guidelines applied at his sentencing and the amended guidelines. When calculating Houston's guidelines range for the narcotics conspiracy, the probation officer applied a base offense level of 36 (from the 1987 manual, in effect when Houston was indicted), not level 38 (from the 1997 manual, in effect at the time of sentencing). Amendment 782 later revised the pertinent offense level back to 36. Alternately, the government argued, any one of the racketeering murders, standing alone, dictates a life sentence.

The district court denied Houston's § 3582(c) motion on May 30, 2018. The court agreed with the government that Houston was not eligible for a sentence reduction because Amendment 782 does not affect his guidelines range. *See United States v. Koglin*, 822 F.3d 984, 986 (7th Cir. 2016) ("[A] sentence reduction is not authorized if the relevant amendment … 'does not have the effect of lowering the defendant's applicable guideline range.'") (quoting U.S.S.G. § 1B1.10(a)(2)(B)). Houston did not appeal.

On June 21, 2018, Houston filed a "motion for reconsideration." He argued that he is entitled to relief because, in 1998, the sentencing court relied on the "inaccurate and outdated" PSR prepared after his 1992 trial and never specified a base offense level.

The district court denied the motion on June 18, 2019, reasoning that neither argument is supported by the record. First, the court noted, Houston's counsel had objected to the supplemental PSR before his second sentencing hearing, arguing that certain alleged racketeering acts could not be considered. If the judge wrongly rejected that argument, the court stated, "Houston's remedy was an appeal, not a motion for reconsideration of this court's denial of a sentence reduction." (Recall, Houston did not contest his sentence on direct appeal.) His second argument—that the judge never made a base-offense-level finding—failed for the same reason. And in any event, the court added, the sentencing transcript "defeats that contention."

On the date of its ruling, the district court received Houston's "supplemental motion," setting forth additional support for his argument that the sentencing court had relied on outdated information in calculating his guidelines range. The court denied this motion on June 26, 2019, for the same reasons given in its earlier order.

Houston filed a notice of appeal, which is timely only as to the orders denying his "motion for reconsideration" and his "supplemental motion." *See* No. 19-2309 (7th Cir. Aug. 13, 2019) (order limiting appeal). Despite their captions, however, these filings are not proper motions to reconsider because they were not filed within 14 days after the denial of Houston's § 3582(c) motion. *See* FED. R. APP. P. 4(b)(1); *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011) ("Only a motion filed within the time for appeal acts as a genuine request for reconsideration."). Rather, they must be treated as "new motion[s] for a lower sentence under § 3582(c)(2)." *Redd*, 630 F.3d at 650. And because a prisoner may bring only one such motion per amendment, a district court has "no choice" but to deny a successive motion. *United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014); *see also United States v. Guerrero*, No. 19-1676, 2020 WL 64478, at *6 (7th Cir. Jan. 7, 2020) (noting prisoners get only "one bite at the Amendment 782 apple" under 18 U.S.C. § 3582(c)(2)).

Although the district court denied Houston's motions on their merits, the procedural issue is dispositive. We therefore do not address Houston's arguments that Amendment 782 lowered his guidelines range or that the lawyer who assisted him with his first § 3582(c)(2) motion was ineffective. His filings were prohibited successive § 3582(c)(2) motions. We AFFIRM their denial on this basis.