NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 8, 2021[*]
Decided July 22, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 20-2944 & 21-1339

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:02-cr-00002-RLY-CMM-05 |
| WILFREDO BARRIOS, *Defendant-Appellant*. | Richard L. Young, *Judge*. |

## O R D E R

Wilfredo Barrios, a 58-year-old federal inmate serving a mandatory life sentence for his role in a massive drug-trafficking conspiracy, *see* 21 U.S.C. § 848(b), sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He based his request on his health risks from COVID-19 and his belief that his life sentence is no longer mandatory today. The district court denied his request. It reasoned that his second argument was

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

not properly presented, and that, in light of the seriousness of his crime, the health risks from COVID-19 did not justify discretionary release. By reasonably weighing the factors under 18 U.S.C. § 3553(a) and otherwise reasonably exercising its discretion, the district court permissibly denied release, so we affirm.

A jury convicted Barrios in 2003. He had conspired to sell methamphetamine and had engaged in a continuing criminal enterprise, *see* 21 U.S.C. §§ 841(a)(1), 846, 848(b), by distributing over 1,600 pounds of meth worth more than $75 million over the course of two years. He received a life sentence, which § 848(b) mandates.

After he had served about 18 years of his mandatory life sentence, Barrios moved pro se for compassionate release in 2020. The court appointed counsel, who in an amended motion argued that Barrios's health status (chronic kidney disease, type 2 diabetes, obesity, and hypertension) threatened severe illness if he contracted COVID-19; therefore he presented an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A)(i). Counsel also urged that the factors under 18 U.S.C. § 3553(a) supported early release, citing Barrios's record of good behavior in prison, his efforts towards rehabilitation, and letters from prison staff describing him as a "model inmate."

The court recognized that Barrios's medical conditions heightened his risk from COVID-19 but denied his motion for two reasons. First, relatively few COVID-19 cases were present in Barrios's prison at the time of the ruling, so he had a comparatively low risk of catching the virus. Second, Barrios's mandatory life sentence weighed decisively against release. The court recognized that judges can grant compassionate release to inmates with mandatory life sentences, but it determined that releasing Barrios when he was still in his late 50's and had served only 18 years of his life sentence would not reflect the seriousness of his offense or deter similar conduct.

After his counsel was allowed to withdraw, Barrios filed two notices of appeal followed by a motion to reconsider. He dismissed one appeal, *see* FED. R. APP. P. 42(b), but he still pursues No. 20-2944, which contests the denial of his motion for release. In the later-filed motion to reconsider that denial, he raised three arguments. First, he said that he had recently tested positive for COVID-19. Second, he cited what he believed to be a relevant intervening change in the law—the decision in *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). *Brooker* ruled that a district court's discretion to find an "extraordinary and compelling" reason for a sentence reduction is not constrained by the policy statement in U.S.S.G. § 1B1.13. (We later agreed with that position in

*United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).) Third, he argued that, if he were sentenced today, he could not receive a mandatory life sentence because a judge made the relevant finding that he qualified for § 848(b)'s mandatory life term, and *Alleyne v. United States*, 570 U.S. 99, 103 (2013), he says, allocates that task to a jury. (He mentioned this argument in his pro se motion for compassionate release, but his appointed counsel did not say anything more about it in the superseding motion.)

The district court denied the motion to reconsider. It reasoned that, even if Barrios's COVID-19 diagnosis rendered "moot" its first rationale for denying his motion (the low rate of infection at his prison), it did not affect its second rationale about the import of his life sentence. And, it continued, *Brooker* was irrelevant because the court did not consider its discretion constrained when it denied his motion—it simply exercised that discretion to conclude release was not warranted in Barrios's case. Finally, it declined to consider his argument that he would not face a mandatory life sentence if sentenced today because it was not properly raised in the amended motion.

Barrios appeals both the denial of his original motion (No. 20-2944) and his motion to reconsider (No. 21-1339), and we consolidated the appeals. We pause briefly to consider two threshold matters. The first is the district court's power to rule on the motion to reconsider, given the pendency of No. 20-2944, challenging the initial denial of the motion for release. Although a notice of appeal usually divests a district court of jurisdiction over the subject matter of the appeal, the court may *deny* a motion to alter the judgment without offending this rule. *See Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Loc. 21*, 543 F.3d 414, 418–19 (7th Cir. 2008). That occurred here. The second issue is the timeliness of No. 21-1339, which contests the denial of the motion to reconsider. Barrios filed that motion 28 days after the court ruled on his § 3582(c) motion to reduce his sentence. But a defendant must file a motion to reconsider the denial of a sentence-reduction motion within the time to file an appeal—14 days. *See United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011). So Barrios's motion to reconsider was not timely. That time limit, however, is a claim-processing rule, not a jurisdictional one, and we need not enforce it if waived. *See Kontrick v. Ryan*, 540 U.S. 443, 452–54 (2004); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 897 F.3d 835, 838 (7th Cir. 2018). The government has not raised a timeliness objection, so we may resolve No. 21-1339.

We review both the original ruling and the denial of the motion to reconsider for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021); *O'Donnell v. Saul*, 983 F.3d 950, 954 (7th Cir. 2020). Under § 3582(c)(1)(A), a court may

release a prisoner for compassionate reasons only if, "after considering the factors set forth in section 3553(a)," it finds extraordinary and compelling reasons. Because of the importance of the § 3553(a) factors, courts are not compelled to release all inmates with extraordinary and compelling health concerns. *Saunders*, 986 F.3d at 1078.

Barrios first repeats that his health status presents an extraordinary and compelling reason for release and that his conduct in prison shows that he would not endanger the community. But the court did not abuse its discretion in denying release even in light of his health and prison record. The court acknowledged Barrios's health conditions, positive COVID-19 status, and good behavior. But, after referring to factors under § 3553(a), it permissibly ruled that the need to deter wide-scale drug-trafficking, the seriousness of his offense as reflected in his life sentence, and the fact that Barrios, still in his 50's, had served only 18 years of his sentence outweighed those reasons for release. *See* § 3553(a)(1), (2)(A)–(B); *Saunders*, 986 F.3d at 1078 (affirming denial of compassionate release, despite prisoner's health issues, given the district court's assessment that the defendant's offense was serious, and he had served only a small portion of his sentence).

Barrios next renews his argument that, because he believes he would not receive a mandatory life sentence if sentenced today, he deserves compassionate release now. We recently held that an argument about non-retroactive sentencing changes, like the argument Barrios advances here, can never by itself establish an extraordinary and compelling reason for release under § 3582(c)(1)(A)(i). *See United States v. Thacker*, No. 20-2943, 2021 WL 2979530, *3–4 (7th Cir. Jul. 15, 2021). In any event the district court had discretion to disregard the argument because, although Barrios raised it in his original pro se motion, his appointed counsel did not include it in his amended motion. A district court has "wide discretion" to disregard an argument raised only in a pro se filing when counsel represents the litigant. *United States v. Cross*, 962 F.3d 892, 899 (7th Cir. 2020). True, Barrios raised this argument in his motion to reconsider, when counsel no longer represented him. But a district court also has discretion not to consider arguments that a counseled litigant could have but did not raise before a dispositive ruling. *See Pine Top Receivables of Ill., LLC v. Banco de Seguros del Estado*, 771 F.3d 980, 987 (7th Cir. 2014).

Finally, Barrios unpersuasively argues that the district court mistakenly believed that, because he was serving a mandatory life sentence, the court lacked the power to grant his compassionate-release motion. The court demonstrated in its order that it was aware that it had discretion to grant or deny Barrios's motion, even though it was a

mandatory life sentence. It recognized that courts elsewhere had exercised discretion to rule that extraordinary and compelling reasons warranted release from mandatory life sentences. And it noted its own "discretion to reassess" the § 3553(a) factors. Finally, the court also clarified in its order denying reconsideration that its discretion was not constrained by the policy statement in § 1B1.13. Thus, we are satisfied that the court exercised its discretion, and did so permissibly, in ruling against Barrios.

AFFIRMED