In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1676

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALEX GUERRERO,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:10-cr-00109-TLS-APR-22 — **Theresa L. Springmann**, *Chief Judge*.

ARGUED NOVEMBER 5, 2019 — DECIDED JANUARY 7, 2020

Before FLAUM, ROVNER, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Since 2015, defendant-appellant Alex Guerrero has sought a reduction of his prison sentence under Amendment 782 to the United States Sentencing Guidelines, which reduced guideline ranges for drug quantities. Despite some procedural complications, we agree with Guerrero that he is entitled to and has not yet received one opportunity for full consideration of the merits of his request. Accordingly, we vacate the decision of the district court and

remand so that he may properly present such a motion, the merits of which are for the sound discretion of the district court.

## I.  *Factual and Procedural Background*

Guerrero was a Chicago police officer who also participated in drug trafficking by the Latin Kings gang in Chicago and northwestern Indiana. In 2013, he pleaded guilty to four counts: (1) conspiring to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d); (2) conspiring to possess with intent to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846; (3) interfering with commerce by threats or violence, in violation of 18 U.S.C. § 1951; and (4) using and carrying a firearm during and in relation to crimes of violence and drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). Even with a criminal history category of I, Guerrero's original sentencing guideline range for the first three counts was life in prison, based on a total offense level of 43. The guideline recommendation for the fourth count was 60 months to be served consecutively to the sentence for the other counts, as required by statute.

Guerrero did not receive life plus 60 months, though. He provided substantial assistance to the government in prosecuting a number of his Latin Kings co-conspirators. As a result, Guerrero and the government came to a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), under which the parties would recommend that he serve a total of 228 months in prison: 168 months (rather than life) on the first three counts, plus 60 months on the fourth. The district court (Judge Lozano) was not bound by the recommendation, but he accepted it and sentenced accordingly.

The court's explanation of the sentence played a role in some of the later confusion. The court did not say it was simply imposing a below-guideline sentence under 18 U.S.C. § 3553(a) and (e). Nor did the court say that it was just granting a downward departure under U.S.S.G. § 5K1.1 for substantial assistance. Instead, the court said it was imposing a downward departure of six offense levels pursuant to the government's motion for a downward departure under § 5K1.1, plus a further reduction of another two levels for unspecified "other factors." In conjunction with Guerrero's other reductions and enhancements, the eight-level departure pointed to a hypothetical guideline range of 168 to 210 months on the first three counts.

Amendment 782 to the United States Sentencing Guidelines, which became effective on November 1, 2014, reduced by two levels the offense levels for most drug-trafficking crimes. The Sentencing Commission made Amendment 782 retroactive under U.S.S.G. § 1B1.10. Guerrero sought to benefit from this amendment. On July 20, 2015, he sent a letter to the district court requesting that he be appointed counsel in order to file a fully developed motion for resentencing under the amendment. The district court rejected Guerrero's request on August 13, 2015, saying that our decision in *United States v. Foster* required this result. 706 F.3d 887, 888 (7th Cir. 2013) ("[P]risoners who seek lower sentences following retroactive changes to the Guidelines do not receive counsel at public expense."). This was not a correct reading. *Foster* holds that district courts are not *required* to appoint counsel under these circumstances, but it does not *prohibit* them from doing so.

In what no doubt seemed at the time like a helpful step, the court set the stage for this appeal by proceeding on its own

initiative to consider Guerrero's eligibility for a sentence re-
duction under Amendment 782, citing 18 U.S.C. § 3582(c)(2).
In its order of October 27, 2015, the district court denied relief
under Amendment 782. Judge Lozano found that Guerrero
was eligible for a two-level reduction under Amendment 782
but that the two-level reduction would make no difference to
his ultimate prison sentence:

> As a result of Amendment 782, Guerrero's total
> offense level for Counts 1, 2 and 14 is reduced to
> 41, for a guideline range on these counts of 324–
> 405 months. Under Amendment 782, the Court
> may deduct the six (6) levels previously reduced
> due to the Government's motion for a reduc-
> tion, but cannot also deduct the two levels re-
> ceived previously for other factors. *See* U.S.S.G.
> section 1B1.10(b)(2) (explaining that generally,
> the Court cannot reduce a sentence below the
> minimum of the amended guideline range, but
> allowing for an exception where the original
> sentence was below the guideline range due to
> substantial assistance). If the six (6) levels were
> deducted, his sentencing range would be 168–
> 210 for Counts 1, 2 and 14—the same range in
> which he was originally sentenced. As a result,
> in the specific circumstances of this case, Guer-
> rero cannot benefit from Amendment 782.

In other words, the two levels credited at Guerrero's 2013 sen-
tencing for "other factors"—which, in our reading of the rec-
ord, appear to be just part of the total downward departure
he received primarily for substantial assistance under his plea
agreement—were held essentially to cancel out the reduction

under Amendment 782. In March 2016, Guerrero filed a motion for clarification. The court construed that as a late motion to reconsider and denied it. Guerrero sought to appeal this denial to our court, but that appeal was dismissed after he failed to secure leave to file in forma pauperis.

In 2018, Guerrero tried again, leading to this appeal. With the aid of counsel this time, he sought a sentence reduction under Amendment 782 pursuant to 18 U.S.C. § 3582(c)(2), this time adding reliance on the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018). In *Hughes*, the Court held that relief under § 3582(c)(2) should be available to defendants with binding plea agreements under Federal Rule of Criminal Procedure 11(c)(1)(C), "to permit the district court to reconsider a prior sentence to the extent the prisoner's Guidelines range was a relevant part of the framework the judge used to accept the agreement or determine the sentence." At 1778. Because his sentence was based on the Guidelines, Guerrero argued, *Hughes* made him eligible for relief under Amendment 782.

The district court (Chief Judge Springmann, to whom the case was reassigned after Judge Lozano's death) denied this motion for two reasons. First, the court reasoned, *Hughes* has no bearing on Guerrero because his plea had been subject to Rule 11(c)(1)(B). It was therefore not a binding plea agreement covered by *Hughes*. Second, the court held that Guerrero's motion, essentially again seeking a sentence reduction under Amendment 782, was barred as an impermissible successive motion under § 3582(c)(2), as we interpreted it in *United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014), quoting *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). The district court thus

did not consider the merits of Guerrero's arguments for relief under Amendment 782. Guerrero then filed this appeal.

We have jurisdiction under 18 U.S.C. § 3742(a). We review denials of § 3582(c)(2) motions for abuse of discretion. *United States v. Hall*, 600 F.3d 872, 875 (7th Cir. 2010). "We may find an abuse of discretion, though, where a district court 'based its ruling on an erroneous view of the law.'" *United States v. Sainz*, 827 F.3d 602, 604 (7th Cir. 2016), quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). We agree with the district court that *Hughes* does not apply to this case, but we conclude that, as a matter of law, the 2015 proceedings should not be counted against Guerrero as his one chance to seek relief under Amendment 782. We therefore hold that the denial of Guerrero's counseled motion in 2018 was an error.

II. *Recharacterizing Guerrero's 2015 Letter*

We begin with the 2015 letter that sent Guerrero's attempt at resentencing into a procedural death spiral. His letter read in full:

> Dear Madame or Sir,
>
> I am asking the court to appoint legal counsel for me. I am specifically requesting that my appointed counsel petition the Court and ask that I be re-sentenced under the drug minus 2 amendment. If there is anything else that you require me to send to you please let me know.
>
> Very Truly Yours,
>
> /s/ Alex Guerrero

On its own initiative, the district court recharacterized this short and simple letter—which clearly requested only the

appointment of counsel and did not make or develop any legal arguments—as a motion for resentencing under § 3582(c)(2). That was improper.[1]

It is "exceptional" within our adversarial system for a court to recharacterize a party's request, especially when doing so may harm that party's interests. *Castro v. United States*, 540 U.S. 375, 385–86 (2003) (Scalia, J., concurring). A retroactive guideline amendment and § 3582(c)(2) pose such a risk because a prisoner is allowed only one bite at this particular apple. In *Castro*, the Supreme Court considered a similar problem: whether and when courts may recharacterize the filings of pro se prisoners as motions seeking habeas corpus relief under 28 U.S.C. § 2255, which also restricts second or successive motions. *Castro* held that district courts may not recharacterize a pro se litigant's motion as a first § 2255 motion without first "notify[ing] the *pro se* litigant that it intends to recharacterize the pleading, warn[ing] the litigant that this

---

[1] In its brief, the government construed Guerrero's pleading of October 13, 2015 as a tacit admission that his July 2015 letter was a § 3582(c)(2) motion. That uncounseled filing, entitled "Request of Status," read in full: "NOW COMES, petitioner Alex Guerrero, proceeding pro se in the above captioned cause Humbly Request the Status of petitioners 3582(c)(2), 'Drug Minus Two' motion filed with Honorable Court on or about July 2015." Guerrero filed this pleading two months *after* Judge Lozano indicated his intent to proceed to consider the merits of Guerrero's request for resentencing. We are not surprised that a pro se prisoner litigant described his case in the same terms the district judge himself used. Given the power of a district court under the circumstances, people in Guerrero's position are more likely to hope for the best on the merits rather than challenge mistaken procedural classifications that they almost certainly do not understand or appreciate. In keeping with the rest of our reasoning based on *Castro v. United States* here, it would not be just to hold Guerrero's mislabeling against him.

recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provid[ing] the litigant an opportunity to withdraw the motion or to amend it." 540 U.S. at 383 (majority opinion).

Such a warning is needed because the pro se litigant may otherwise lose her or his only opportunity to make the legal argument upon which freedom depends—an unfair result, to say the least. Given the one-motion-per-amendment limit that we have found implicit in § 3582(c)(2), the district court's recharacterization of Guerrero's letter as his one permitted motion raises essentially the same problems of fairness that *Castro* addressed under § 2255. We believe the logic of *Castro* requires the same warnings for a prisoner whose filing is being recharacterized as a motion for relief under § 3582(c)(2), and those warnings were not provided here.

*Castro* also provides guidance on a further procedural wrinkle here, which is that Guerrero tried to challenge the 2015 denial of his recharacterized motion, first with a late motion to reconsider and then with an appeal that our court dismissed when Guerrero failed to obtain leave to proceed in forma pauperis or to pay the docketing fee. In *Castro*, the government argued that Castro's failure to appeal the original recharacterization of his filing meant the recharacterization was valid and could no longer be challenged as the "law of the case." 540 U.S. at 383–84. The Supreme Court rejected the argument, reasoning that the prisoner's failure to challenge the recharacterization was, without the needed warnings, the result of his inability to make an informed judgment about the actions of the district court: "Indeed, an unwarned *pro se* litigant's failure to appeal a recharacterization simply underscores the practical importance of providing the warning.

Hence, an unwarned recharacterization cannot count as a § 2255 motion for purposes of the 'second or successive' provision, *whether the unwarned pro se litigant does, or does not, take an appeal.*" *Id.* at 384 (emphasis added). Similarly, here Guerrero's unwarned failure to challenge the district court's recharacterization in either the district court or in his attempt to appeal the original denial does not foreclose his counseled 2018 motion under § 3582(c)(2).

Like Castro, when Guerrero was proceeding without counsel in 2015, he found himself trapped by procedural rules that he did not anticipate in his letter. The brevity and content of the letter show that he intended first to request counsel, and only later, with the benefit of counsel, to develop and present his best legal arguments in favor of resentencing under Amendment 782. The letter did not even gesture toward any particular argument that might be made. Thus, when the court proceeded to the merits of a § 3582(c)(2) motion on its own initiative, it did so without the adversarial briefing that would have illuminated the issues. Perhaps in part because of this procedural decision, the district court's analysis of the applicability of Amendment 782 to Guerrero's sentence was wrong on the merits, as discussed next. And, as interpreted by the district court in 2019, Guerrero thereby lost his only opportunity to make his arguments, with approximately 60 months of his sentence in the balance.

On the merits, Judge Lozano miscalculated in 2015 how Amendment 782 would apply to Guerrero's guideline range. We must walk through the before-and-after in some detail. Our discussion applies only to the guideline range for the first three counts to which Guerrero pleaded; a consecutive 60

months for the fourth count would be added to any sentence he received on the first three.

In his original sentencing in 2013, Guerrero's total offense level was 43 (base offense level of 38, plus eight levels for other guideline enhancements, minus three levels for acceptance of responsibility). At his sentencing hearing, the court sentenced him as if his offense level had been reduced by eight levels for his substantial assistance (six levels as recommended by the government in support of its motion, and two more for unspecified reasons at the discretion of the court), resulting in a 168-month sentence.

In proceeding on his own to the merits of Guerrero's case under Amendment 782 in 2015, Judge Lozano assumed Guerrero should receive a two-level reduction under Amendment 782, which would seem to have reduced his base offense level to 36 and his total offense level to 41. The judge held constant the eight-level increase for other enhancements and the three-level decrease for acceptance of responsibility. The source of the confusion involved the treatment of the original downward departure. The judge said that Guerrero received only a six-level downward departure for substantial assistance, rather than the total of eight levels. Although the brief discussion is not transparent, the judge seems to have read U.S.S.G. § 1B1.10(b)(2) as allowing a new sentence to reflect the six levels of downward departure based on substantial assistance, but not the two additional levels that were part of the original departure.

That was mistaken as a legal matter. Under U.S.S.G. § 1B1.10(b)(1), courts considering relief under § 3582(c)(2) "shall substitute only the amendments listed in subsection (d) for the corresponding provisions that were applied when the

defendant was sentenced and shall leave all other guideline application decisions unaffected." More specifically, departures for substantial assistance are addressed in § 1B1.10(b)(2)(B): "a reduction comparably less than the amended guideline range determined under [§ 1B1.10(b)(1)] may be appropriate." This provision leaves the district judge considerable flexibility, to say the least. It certainly does not prohibit reductions based on retroactive amendments in substantial assistance cases. See generally *Dillon v. United States*, 560 U.S. 817 (2010) (recognizing limits to § 3582(c)(2) relief).

*Dillon* requires that all guideline calculations from the original sentencing that were not affected by the retroactive amendment remain in place because § 3582(c)(2) is "a narrow exception to the rule of finality" of criminal sentences under Federal Rule of Criminal Procedure 35. *Id.* at 827. The discretion that *Dillon* affords to district courts is quite specific: framed by the § 3553(a) factors, the district court may decide that a sentence reduction *under the amendment at issue in the prisoner's § 3582(c)(2) motion* is not warranted. However, the district court may *not* reevaluate decisions made at the time of the original sentencing to apply other, unrelated guideline adjustments.

The departure used to set Guerrero's 2013 sentence was expressed in terms of guideline offense levels, which is apparently the standard practice in the Northern District of Indiana. It is clear from the record that the eight-level departure recommended by both sides was intended to achieve a well-below-guideline sentence based on Guerrero's substantial assistance to the government. Under § 1B1.10(b)(2)(B), the district court may use Amendment 782 to impose a new sentence that is "comparably" below the guideline range as amended by

Amendment 782. In other words, nothing in § 3582(c)(2), Amendment 782, or § 1B1.10 prohibited the district court from resentencing Guerrero to a term on his non-firearm counts that would be roughly two offense levels below his original sentence. We express no view on whether he should receive such a reduction; that is a matter for the district court's sound discretion on remand.

III. *Denial of Guerrero's 2018 Motion as Successive*

The government argues, however, that it is too late for Guerrero to win relief from the district court's errors in handling his 2015 letter. Following the reasoning in *Castro*, we disagree.

The district court was correct that our decisions in *Beard* and *Redd* prohibit prisoners from more than "one bite at the apple per retroactive amendment to the sentencing guidelines." *Beard*, 745 F.3d at 292. "Once the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive." *Redd*, 630 F.3d at 651. For the reasons explained above, however, we conclude that Guerrero's 2015 letter did not constitute a first motion under § 3582(c)(2), so that the district court erred by holding that his 2018 filing was a prohibited successive motion. Our decision here does not affect the holdings of *Beard* and *Redd*; they simply do not apply where the district court took it upon itself to recharacterize a quite different submission by a prisoner as his one and only opportunity to seek relief under Amendment 782, and did so without warning him and giving him a chance to renounce the proposed recharacterization, per the logic of *Castro*.

We agree with Chief Judge Springmann that *Hughes* does not apply to Guerrero's sentence. *Hughes* clearly limited its holding only to binding pleas under Rule 11(c)(1)(C), addressing whether (c)(1)(C) pleas are, for purposes of § 3582(c)(2), "based on" a guideline sentencing range and thus subject to revision under retroactive guideline amendments. See *Hughes*, 138 S. Ct. at 1773 ("The controlling issue here is whether a defendant may seek relief under § 3582(c)(2) if he entered a plea agreement specifying a particular sentence under Federal Rule of Criminal Procedure 11(c)(1)(C)."). This subject had been confused since the Court's splintered decision in *Freeman v. United States*, 564 U.S. 522 (2011). Guerrero's plea deal was a nonbinding agreement under Rule 11(c)(1)(B). For purposes of § 3582(c)(2), it was based on the Guidelines from the beginning. He has always been legally eligible for relief under § 3582(c)(2) for any retroactive amendments that would affect his original guideline calculation.

To sum up, Guerrero has not yet had the one bite at the Amendment 782 apple to which he is entitled under § 3582(c)(2). Now, with the assistance of counsel, he should be able to marshal his best arguments so that the district court can benefit from full presentation of the issues. The denial of Guerrero's 2018 motion under § 3582(c)(2) is VACATED and the case is REMANDED for proceedings consistent with this opinion.