**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2021[*]
Decided March 26, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-2394

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:98 CR 103 |
| JESSE COLON, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Jesse Colon, convicted of eight counts of drug-trafficking, firearms, and witness-tampering offenses, was originally sentenced to the statutory maximum of life in prison plus 25 years. He later received three sentencing reductions based on changes to the Sentencing Guidelines. He now appeals the district court's denial of his motion for a

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

further reduction under the First Step Act. Because the district court did not err in ruling that he has already benefited from available sentencing reforms, we affirm.

Colon was convicted in 2000. His crimes included conspiring to distribute, and distributing, crack cocaine and heroin, maintaining a drug-dealing premises, witness intimidation, and using firearms unlawfully. 21 U.S.C. §§ 841(a)(1), 846, 856(a)(1); 18 U.S.C. §§ 924(c)(1)(a), 1512(b)(1). Based on the drug quantities and other enhancements, his guidelines range was life in prison. The district court imposed the life sentence and "stacked" Colon's firearms convictions, so that he received an added 25 years on top of the life sentence. 18 U.S.C. § 924(c)(1)(C)(i), (c)(1)(D)(ii) (1998). This court affirmed. *United States v. Arocho*, 305 F.3d 627 (7th Cir. 2002). Later changes to the Sentencing Guidelines led to three sentence reductions. In the most recent, in 2014, the district court recalculated Colon's guidelines range to be 235 to 293 months and imposed the minimum within-guidelines sentence of 235 months, plus the extra 25 years for the firearms convictions. *See* U.S.S.G. § 2D1.1(c)(5); U.S.S.G. Sent'g Table (2016).

Colon's current attempt for a further sentence reduction is based on two legal changes. First, in 2010, Congress enacted the Fair Sentencing Act, which lowered the minimum statutory penalties for crack-cocaine offenses. Pub. L. No. 111–220, S. 1789, 111th Cong. (Aug. 3, 2010). Eight years later, Congress made these changes retroactive when it passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Colon moved the district court for relief under § 404(b) of that Act. The district court appointed counsel, who argued that Colon should receive plenary resentencing, and that his efforts at rehabilitation over the last two decades merit a below-guidelines sentence.

The district court denied relief. It determined that Colon was eligible for resentencing because his crack-cocaine convictions are "covered offense[s]" under the First Step Act, *see United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020), but it ruled that the factors under 18 U.S.C. § 3553(a) weighed against further sentencing reductions. The court explained that, in 2014 when it recalculated Colon's guidelines range, his prison term was at the bottom of his range, the range has not changed, and his current prison term is necessary to reflect the seriousness of his crimes and deter him and others. The court declined to conduct a plenary resentencing or reconsider the portion of Colon's sentence attributable to the "stacked" gun charges.

On appeal, Colon argues that the district court erred by not conducting a full resentencing. This argument fails, however, because plenary sentencing is not required under the First Step Act. *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020). All we

require is that the court weigh the § 3553(a) factors for eligible defendants. *See Shaw*, 957 F.3d at 741. It did so when it weighed Colon's good behavior and educational efforts in prison against the seriousness of his crime and the need for deterrence. And in ruling that his current sentence, already the bottom of his guidelines range, was appropriate, it did not abuse its sentencing discretion. *See United States v. Sutton*, 962 F.3d 979, 986 (7th Cir. 2020) (citing First Step Act § 404(c), "[n]othing in this section shall be construed to require a court to reduce a sentence pursuant to this section"). When Colon received his third reduction in 2014, his amended guidelines range reflected Congress's views in the Fair Sentencing Act of 2010, and the district court implemented those views by resentencing Colon to the bottom of the adjusted range. Colon does not argue that the range has changed as a result of the First Step Act. He has thus already benefited from the available change that he claims the court failed to consider.

Colon next argues that he should have received relief under the First Step Act from his "stacked" gun charges because Congress abolished stacking of some § 924(c) convictions when it passed the Act. Under the current version of § 924(c), a second conviction triggers a stacked 25-year minimum only if the offender's prior § 924(c) conviction arose in a separate case and has already become final. But the court properly omitted consideration of the § 924(c) component of Colon's sentence. The Supreme Court requires that district courts use "guidelines calculations from the original sentencing that were not affected by retroactive amendment[s]." *United States v. Guerrero*, 946 F.3d 983, 989 (7th Cir. 2020) (citing *Dillon v. United States*, 560 U.S. 817 (2010)). And the First Step Act did not make any retroactive changes to the § 924(c) part of his sentence. *See* First Step Act, § 403(b). So the district court properly left that portion of his sentence alone. We recognize that on appeal Colon cites cases where district courts have exercised their discretion to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) to prisoners who, like him, received stacked § 924(c) sentences. But when in the district court, Colon did not request compassionate release, or otherwise invoke § 3582(c)(1)(A). A district court does not abuse its discretion by not granting compassionate release to a prisoner who has not requested it.

AFFIRMED