In the

# United States Court of Appeals

### For the Seventh Circuit

No. 21-1527

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RONNIE MARTIN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17 CR 597-3 — **Rebecca R. Pallmeyer**, *Chief Judge.*

SUBMITTED DECEMBER 22, 2021[*] —

DECIDED DECEMBER 28, 2021

Before KANNE, ROVNER, HAMILTON, *Circuit Judges.*

---

[*] We have agreed to decide the case without oral argument because
the briefs and record adequately present the facts and legal arguments,
and oral argument would not significantly aid the court. FED. R. APP. P.
34(a)(2)(C).

PER CURIAM. Ronnie Martin was sentenced to 43 months' imprisonment for possessing heroin with the intent to distribute. 21 U.S.C. § 841(a)(1). With his direct appeal of his sentence pending, Martin moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), raising arguments available on direct appeal. The district court denied the motion. Because Martin shows no "extraordinary and compelling" reason for release, we affirm.

After Martin was arrested for purchasing heroin, his pretrial release was revoked for posting a threat on Facebook. The post included the photo and name of a confidential informant and urged readers to "[s]hare this post so we can expose these snitches." The post linked to a rap song by Martin that alluded to killing the informant.

At sentencing, Martin presented arguments in mitigation against a long sentence: his asthma made him susceptible to COVID-19, from which he previously recovered, and he had unmet mental health needs in pretrial detention. The court rejected Martin's arguments regarding COVID-19. It cited a developing understanding that those who, like Martin, recovered from an infection acquire some immunity. But acknowledging Martin's mental health issues, the court imposed a sentence of only 43 months in prison, below the guidelines range of 57 to 71 months. It explained that a below-guidelines sentence accurately reflected the role that Martin's documented mental illnesses, which were exacerbated by past abuses at the hands of the authorities, played in his offense.

Martin has appealed his sentence, *see United States v. Martin*, No. 21-1040, and with briefing still underway there, he moved the district court for compassionate release, raising two arguments. He first argued that the judge erred by not

adequately considering at sentencing his prior COVID-19 infection. He also argued that the prison where he is serving his sentence violated his constitutional rights by torturing him and providing deficient medical care for his mental illnesses and chronic pain. The court denied Martin's motion. It explained that it already considered and rejected his argument about his infection and his claims of mistreatment and insufficient medical care are bases for civil litigation, not compassionate release.

We begin by addressing exhaustion because the government contends that Martin failed to exhaust his administrative remedies. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (ruling that failure to exhaust is a mandatory claims-processing rule). But the record includes a request that Martin made to the warden of his prison seeking release in light of the COVID-19 pandemic, a request made more than 30 days before initiating judicial proceedings. Thus we may consider the merits of his appeal. *See* § 3582(c)(1)(A).

On the merits, Martin seeks relief on the ground that the judge was biased. He bases this attack on the judge's findings that his rap song threatened a confidential informant and that his health did not justify a lower sentence. Martin's argument regarding the rap song was not made in his compassionate-release motion; consequently we need not consider it. *United States v. Simon*, 952 F.3d 848, 852 (7th Cir. 2020). Moreover, adverse rulings are never alone proof of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

But aside from these problems, for a more fundamental reason Martin's argument on appeal—that the sentencing judge wrongly assessed the rap song and his health concerns—does not justify granting his motion for compassionate

release. A court may not reduce a sentence under the compas-sionate-release statute unless a prisoner presents an extraor-dinary and compelling reason for release. § 3582(c)(1)(A)(i). Martin is essentially arguing that the sentencing judge im-properly weighed his arguments in mitigation and that this error warrants release. But because his direct appeal provides a means for him to present these arguments that—if correct—would warrant sentencing relief, he does not have an extraor-dinary and compelling reason for release now. That is why, in *United States v. Thacker*, we cautioned against reading the compassionate-release statute so broadly that it would allow an inmate to argue that release is warranted because a sen-tence "rests on a misguided view of the purposes of sentenc-ing." 4 F.4th 569, 574–75 (7th Cir. 2021). Martin cannot use a motion for compassionate release to challenge a potential er-ror—now under review—in his sentence. To allow otherwise would circumvent the normal process for challenging poten-tial sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion. *See Thacker*, 4 F.4th at 574.

Thus, we conclude that a claim of errors in the original sentencing is not itself an extraordinary and compelling rea-son for release. But this conclusion does not limit a court, after a prisoner has presented an extraordinary and compelling reason for release, from reconsidering how it originally eval-uated at sentencing a defendant's arguments in mitigation. When a prisoner has furnished an extraordinary and compel-ling reason for release, the second step of the court's analysis is whether the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of a reduced sentence. *Thacker*, 4 F.4th at 576. At that stage, in weighing those § 3553(a) factors, a district court may revisit how it balanced those factors at sentencing.

*See United States    v.    Saunders*,    986 F.3d    1076,    1078
(7th Cir. 2021).

AFFIRMED