**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2022*
Decided April 12, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-3286

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:12-cr-10069-SLD-JEH-1 |
| GREGORY SANFORD, *Defendant-Appellant.* | Sara Darrow, *Chief Judge.* |

## O R D E R

Gregory Sanford, a federal inmate, appeals the district court's denial of two motions that sought to reduce his sentence: one under Amendment 782 to the Sentencing Guidelines, *see* U.S.S.G. § 1B1.10(b)(1), and one for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Because the court did not abuse its discretion in denying either motion, we affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2013 Sanford pleaded guilty to possession with intent to distribute cocaine, *see* 18 U.S.C. § 841, in exchange for a 180-month sentence and the dismissal of other charges. He was designated as a career offender—something both the government and the district court now say was a mistake—but he did not challenge that designation at sentencing or on direct appeal. He has previously filed unsuccessful motions attacking his sentence, and in 2021 he brought two more motions. The first asked the court to reduce his sentence after Amendment 782 retroactively reduced sentencing guideline ranges for drug-related offenses. The second argued that his improper career-offender designation was an "extraordinary and compelling" reason for compassionate release under § 3582(c)(1)(A)(i). Without that designation, Sanford's offense level would have been 36, including two sentencing enhancements (for possessing a firearm and maintaining two drug premises). But because he was sentenced under the career-offender guidelines, he had a minimum offense level of 37—with or without the enhancements. *See* U.S.S.G. § 4B1.1(b)(1). Sanford therefore argues that if he had not been designated as a career offender, he would have been able to challenge the enhancements at his sentencing, potentially reducing his guidelines range to under 180 months, which might have led to a different plea agreement.

The district court denied both motions. It denied the first because Sanford had asked for relief under Amendment 782 twice before, and a defendant gets only one "bite" per retroactive amendment to the Sentencing Guidelines. *See United States v. Guerrero*, 946 F.3d 983, 989 (7th Cir. 2020). The court also denied his motion for compassionate release. It ruled that even if some sentencing errors could be extraordinary and compelling reasons for release, his career-offender error was not one. The court observed that, even without his career-offender designation and with the benefit of Amendment 782, the bottom of Sanford's guidelines range would still be above his bargained-for prison term of 180 months. The only way his guidelines range could fall below 180 months, the court explained, would be if he also successfully challenged the two sentencing enhancements. But Sanford never stated why those enhancements were improper. The court therefore saw no compelling reason to depart from the prison term he agreed to in exchange for the dismissal of other charges.

On appeal, Sanford challenges the court's denial of both motions, repeating that errors at his sentencing affected his plea deal. We review each ruling for abuse of discretion. *See Guerrero*, 946 F.3d at 986 (Amendment 782); *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2020) (compassionate release).

The district court did not abuse its discretion in denying Sanford's motion under Amendment 782 because, as the court explained, Sanford had already exhausted his one chance to seek relief under that amendment. *See Guerrero*, 946 F.3d at 989. Nor did the court abuse its discretion in denying Sanford's motion for compassionate release. Sanford sought release solely based on his arguments about sentencing errors. But we have since clarified that "because his direct appeal provide[d] a means for him to present these arguments that—if correct—would warrant sentencing relief, he does not have an extraordinary and compelling reason for relief now." *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). "To allow otherwise would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." *Id.*

AFFIRMED