NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2022[*]
Decided April 19, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1781

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:08-CR-30066-NJR |
| KEVIN COOPER, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

Kevin Cooper, a federal prisoner, challenges the district court's denial of his motion for compassionate release based on several health conditions and his heightened risk of severe complications from COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Because

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the district court did not abuse its discretion in determining that the factors under 18 U.S.C. § 3553(a) weighed against reducing Cooper's sentence, we affirm.

Cooper, then 67, moved for compassionate release about 12 years into his life sentence for conspiracy to distribute and possess with intent to distribute over 100 grams of heroin. *See* 21 U.S.C. §§ 841(a)(1), 846. He sought release based on health conditions—including high blood pressure, shortness of breath, chest pains, an enlarged prostate, and an associated possibility of prostate cancer—that he believed increased his risk of severe complications from COVID-19. (Later, Cooper contracted COVID-19; he says he continues to suffer lingering effects.) Cooper also pointed to his rehabilitative efforts, such as his participation in educational and drug programs.

The district court denied the motion, applying the policy statement set forth in U.S.S.G. § 1B1.13, which addresses when courts may grant compassionate release upon a motion brought by the Bureau of Prisons. The court concluded that Cooper's health conditions were not "extraordinary and compelling" reasons for his release. § 3582(c)(1)(A)(i). It explained that Cooper was taking medication for his enlarged prostate and high blood pressure, and that he had refused treatment he'd been offered for his chest pain and shortness of breath. But even if his reasons were compelling, the court added, release was not warranted based on the sentencing factors under § 3553(a) and the requirement under U.S.S.G. § 1B1.13(2) that he not be a danger to others. It determined that Cooper's life sentence remained appropriate based on his extensive criminal history, the heinous circumstances of his crime, the lives he "destroyed" (drugs Cooper sold may have caused at least one death), and his "continued threat to society."

On appeal, Cooper argues that the district court improperly relied on the policy statement at U.S.S.G. § 1B1.13. He contends that this misinterpretation led the court to discount the severity of his health conditions and his risks from the pandemic, and to overemphasize the significance of the threat he posed to the community.

To the extent that the district court cabined its compassionate-release analysis based on U.S.S.G. § 1B1.13, that was error. That policy statement does not limit a district court's discretion when an inmate—and not the Bureau of Prisons—moves for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). But the district court also appropriately relied on the § 3553(a) factors as a reason to deny relief, and that determination independently sustains its judgment. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Specifically, the court concluded that Cooper's extensive and violent criminal history, his crime's destructive impact, and his risk of recidivism weighed against a reduction in his sentence. *See* § 3553(a)(1), (2)(A)–

(C). That was reason enough to deny his motion. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

Cooper also argues that the court failed to account for his post-sentencing rehabilitative progress. That argument overlooks the court's explicit consideration of his accomplishments in prison and clean disciplinary record. Regardless, the court did not abuse its discretion by determining that other sentencing factors weighed against his release. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022).

Finally, Cooper contends for the first time that his sentence is illegal and that it would be lower were he sentenced under the current Guidelines. Cooper forfeited these arguments by not raising them in district court. *See United States v. Manning*, 5 F.4th 803, 807 (7th Cir. 2021). In any event, potential sentencing errors are not extraordinary and compelling reasons for release. *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

We note that, after filing his reply brief, Cooper submitted three letters introducing additional information about the number of prisoners at his facility with COVID-19 and the facility's capacity to provide medical care. We construe those filings as motions for leave to supplement his briefs and grant them to the extent that we have reviewed them in rendering this decision.

AFFIRMED