NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2022[*]
Decided June 13, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 22-1039

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:12-cr-40033-JES-JEH-1 |
| REGINALD A. WALTON, *Defendant-Appellant*. | James E. Shadid, *Judge*. |

## O R D E R

In this appeal, Reginald Walton, a federal prisoner, contests the denial of his second and third motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He sought relief based on the length of his sentence and alleged errors at his original

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

sentencing. The district court correctly ruled that sentence length and purported errors at sentencing are not extraordinary and compelling reasons for relief; we thus affirm.

Walton pleaded guilty in 2014 to conspiring to distribute and possess with intent to distribute over five kilograms of cocaine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. The presentence investigation report attributed over 480 kilograms of cocaine to Walton and calculated an imprisonment range under the Sentencing Guidelines of 360 months to life. Walton entered a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. In it, he and the government agreed that he would receive a sentence of 186 months in prison if the judge accepted the agreement. The judge did so and imposed the agreed-upon sentence.

In July 2020, Walton moved for compassionate release based on the COVID-19 pandemic. With the help of appointed counsel, he later amended his motion to argue that his hypertension elevated his risk of severe illness from COVID-19. The judge denied the motion, concluding that Walton had not established an extraordinary and compelling reason for release because Walton's hypertension was not severe and the rate of COVID-19 infections at his prison was low. Alternatively, the judge decided that release was not warranted based on the sentencing factors under 18 U.S.C. § 3553(a): Walton's offense conduct (leading a conspiracy that distributed large amounts of drugs) and long criminal history (including bank robbery) were both serious. Further, he committed the offense while on supervised release and had faced discipline for his conduct in prison. Finally, because Walton had served only about half of his sentence, the judge concluded that a reduction would not serve the goals of sentencing.

Three months later, Walton filed a second compassionate-release motion, and, while that motion was pending, he filed a third. In both motions, Walton argued that sentencing errors provided extraordinary and compelling reasons for a sentence reduction. Principally, he argued that, at sentencing, the judge incorrectly calculated his guidelines range based on the 480 kilograms of cocaine attributed to him in the PSR, rather than the five kilograms acknowledged in the plea agreement. He added that he should not have received a career-offender designation, that his guidelines range would be lower if he were sentenced today, and that he thus deserves a sentence reduction. The government opposed the motion. It argued that Walton's guidelines range was correctly calculated, the range would be the same today, and the range did not matter anyway because Walton was sentenced under his binding plea agreement.

The judge denied Walton's motions for several reasons. First, Walton had not shown an extraordinary and compelling reason for a sentence reduction. The judge explained that Walton's guidelines range was correctly calculated because it was based on conduct documented in the PSR to which Walton did not object, and the judge had overruled Walton's objection to the career-offender designation. Further, the judge continued, even if the guidelines range was incorrect, any error was harmless because Walton was sentenced "well below the guidelines pursuant to his plea agreement." Finally, release was still unwarranted based on the § 3553(a) factors given that "[n]othing [had] changed" since the denial of Walton's first motion.

On appeal, Walton first argues that the judge wrongly ruled that Walton did not show an extraordinary and compelling reason for a sentence reduction. He repeats that the judge incorrectly calculated his guidelines range at sentencing by basing it on a drug quantity that exceeded the amount in his guilty plea. Also, he contends that he no longer qualifies as a career offender after the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. (Walton's brief also mentions in passing that his prison's "unduly harsh" conditions related to COVID-19 might justify relief, but he waived that argument by failing to develop it. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 638 (7th Cir. 2021).)

We review the denial of a motion for compassionate release for abuse of discretion, *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020), and for two reasons the district judge here reasonably found that Walton did not establish an extraordinary and compelling reason for a sentence reduction based on the length of his sentence or purported sentencing errors. First, as the government points out, defendants cannot use compassionate-release motions to raise arguments about alleged errors at their original sentencing; those belong in a direct appeal or a motion under 28 U.S.C. § 2255. *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). Second, the record reflects no sentencing error: the Sentencing Guidelines advise district courts to set a base-offense level in light of all relevant conduct attributable to a defendant, charged or not, as the judge did here. *See United States v. Jones*, 635 F.3d 909, 917 (7th Cir. 2011). Also, the First Step Act's modified career-offender designations are not retroactive, *see United States v. Jackson*, 940 F.3d 347, 353 (7th Cir. 2019), and the non-retroactive changes of the First Step Act do not supply an extraordinary and compelling reason for compassionate release. *See United States v. Thacker*, 4 F.4th 569, 573–74 (7th Cir. 2021) (discussing changes to mandatory "stacking" penalties under 18 U.S.C. 924(c)).

Walton next argues that the district judge abused his discretion by insufficiently considering that he had already served half of his sentence and that his post-sentencing

conduct was decent. This argument fails for two reasons as well. First, the argument is relevant only to the balancing of the § 3553(a) sentencing factors and thus assumes that Walton has shown an extraordinary and compelling reason for release, which as we just explained he has not. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). Moreover, in denying Walton's first compassionate-release motion, the judge explicitly weighed both of those factors: he noted that Walton had served only 55 percent of his already below-guidelines sentence and observed that he had received two disciplinary tickets in the last two years. The judge reasonably concluded based on those factors—combined with the severity of Walton's offense conduct and criminal history—that a sentence reduction would not serve the goals of sentencing. *See* § 3553(a)(1)–(2). In denying the second and third motions, the judge properly incorporated that analysis into his ruling when he explained that "[n]othing [had] changed, with respect to these 3553(a) factors" since the first denial.

AFFIRMED