| NONPRECEDENTIAL DISPOSITION |
|---|
| To be cited only in accordance with FED. R. APP. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided September 7, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 22-1014

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:13-cr-19-TWP-MJD-01 |
| STEVEN DELANEY, <br>     *Defendant-Appellant.* | Tanya Walton Pratt, <br> *Chief Judge.* |

## O R D E R

Steven Delaney appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Because the district court reasonably concluded that Delaney had not presented an extraordinary and compelling reason for sentence reduction, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2013, Delaney pleaded guilty to one count of distributing child pornography. See 18 U.S.C. § 2252(a)(2). After applying enhancements from the Sentencing Guidelines and considering the sentencing factors under 18 U.S.C. § 3553(a), the district judge sentenced him to 188 months' imprisonment and a life term of supervised release.

About halfway into his prison term, Delaney moved for compassionate release in 2020. He asserted that his age (over 60) and his health conditions, including a heart murmur and a cough from smoking, increased his risk of complications if he were to contract COVID-19. He also highlighted his rehabilitative efforts during incarceration, such as his steady employment and academic achievements, as reasons for early release.

Before ruling on Delaney's request for sentence reduction, the district judge ordered Delaney to describe his vaccination status. Delaney conceded in his response that he had been fully vaccinated but speculated that his vaccine doses were ineffective because they might have been stored at the wrong temperature and he had no side effects after receiving either dose.

The judge denied Delaney's motion. She concluded that Delaney had not shown an extraordinary and compelling reason for compassionate release. Relying on *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021), the judge explained that Delaney's fear of complications from COVID-19 could not be an extraordinary and compelling reason for release because he had been fully vaccinated against the virus. Delaney's speculation about the inefficacy of the vaccine doses he received, the judge added, was unsupported by evidence and therefore did not warrant relief.

On appeal, Delaney challenges the judge's conclusion that no extraordinary and compelling reason supported compassionate release. He restates his medical history, emphasizing his cough from his past smoking habit and that, because he believes the vaccine doses he received were stored at the wrong temperature, he remains unprotected against COVID-19 infection.

But the judge reasonably concluded that Delaney's fully vaccinated status means that COVID-19 concerns are not an extraordinary and compelling reason for his compassionate release. See *Broadfield*, 5 F.4th at 803. In particular, the judge permissibly found that Delaney had not shown he was "medically unable" to benefit from the vaccine. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Delaney did not point to any underlying conditions that would prevent him from benefiting from vaccination, and he did not substantiate his speculation that his vaccine doses were ineffective.

Delaney also argues that the judge improperly failed to consider two points that he contends favor early release: his post-sentencing conduct and errors that he argues the judge committed at sentencing. But post-sentencing rehabilitation alone is not a ground for compassionate release. See *United States v. Peoples*, No. 21-2630, 2022 WL 2825834, 2022 U.S. App. LEXIS 20000, at *3–4 (7th Cir. July 20, 2022). Likewise, the judge was not required to reconsider the sentencing factors under 18 U.S.C. § 3553(a) or otherwise entertain Delaney's challenge to the computation of his sentence. The proper place for such a challenge is on direct appeal or in a motion under 28 U.S.C. § 2255, not a motion for compassionate release. See *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) (citing *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)).

AFFIRMED